OPINION
Defendant-appellant William W. Baity, Jr. appeals the March 23, 1999 Judgment Entry of the Stark County Court of Common Pleas adjudicating him a "sexual predator" as defined in R.C.2950.01(E). Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On May 20, 1991, the Stark County Grand Jury indicted appellant on one count of rape, in violation of R.C. 2907.02. The Indictment alleged appellant engaged in sexual conduct with Kimikka King, not his spouse, and said victim being less than thirteen (13) years of age. At his arraignment on May 31, 1991, appellant entered a plea of not guilty to the charge. On August 12, 1991, appellant withdrew his plea of not guilty and entered a plea of guilty to the crime of rape as charged in the Indictment. The trial court sentenced appellant to a term of imprisonment of five to twenty-five years. After the enactment of H.B. 180, Ohio's version of Megan's Law, the Warden of the Orient Correctional Institution, the institution in which appellant is confined, recommended to the trial court appellant be classified a "sexual predator". On February 23, 1999, the trial court scheduled a hearing for March 15, 1999. On February 26, 1999, appellant filed motions to dismiss based upon ex post facto and retroactivity grounds, and double jeopardy grounds; a motion to declare H.B. 180 unconstitutionally vague; and a motion for disclosure of information. Via Judgment Entry dated March 10, 1999, the trial court denied appellant's constitutional challenges to the sexual predator law. The trial court continued the hearing until March 17, 1999. Prior to the commencement of the hearing, appellant made an oral motion for a continuance of the hearing based upon the fact appellant had not yet had a parole hearing nor was one scheduled for anytime in the near future. The trial court denied appellant's request for a continuance and proceeded with the hearing. At the hearing, the State presented the trial court with its responses to discovery as well as appellant's pro se Motion for New Trial filed October 7, 1991, in which appellant denied his involvement in the offense and asserted he was framed. Relaying the events which resulted in the conviction, the State informed the trial court appellant, who was approximately 44 years old at the time of the offense, had sexual intercourse with his eleven year old stepdaughter, resulting in the girl's becoming pregnant and giving birth. The State also informed the trial court of appellant's extensive criminal record, which dates back to 1969. Appellant advised the court of his inability to become involved in any sexual offender counseling at the institution because such programs are not offered to the inmates. Appellant noted his completion on two occasions of the Personal Goal Program, which deals with stress and anger management, as well as his involvement in a violence prevention program. Appellant stated he has had no contact with the victim or her family, and has no prior convictions for sexually related offenses. Upon the completion of the hearing, the trial court adjudicated appellant a sexual predator. The trial court memorialized its decision in a Judgment Entry dated March 23, 1999. It is from this judgment entry appellant prosecutes this appeal, raising the following assignments of error:
 I. THE TRIAL COURT ERRED IN OVERRULING APPEALLANT'S [SIC] MOTION TO DISMISS THE HOUSE BILL 180 (HEREINAFTER H.B. 180) PROCEEDINGS AGAINST HIM ON EX POST FACTO GROUNDS. (APPENDIX AT A-1).
 II. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS THE H.B. 180 PROCEEDINGS AGAINST HIM ON RETROACTIVE APPLICATION GROUNDS. (APPENDIX AT A-1).
 III. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS THE H.B. 180 PROCEEDINGS AGAINST HIM ON DOUBLE JEOPARDY GROUNDS. (APPENDIX AT A-1).
 IV. THE TRIAL COURT ERRED IN OVERRULING APPELLANT;S [SIC] MOTION TO DISMISS BECAUSE H.B. 180 IS UNCONSTITUTIONALLY VAGUE. (APPENDIX AT A-1).
 V. THE TRIAL COURT ERRED IN DENYING APPELLANT'S REQUEST FOR A CONTINUANCE OF THE H.B. 180 CLASSIFICATION HEARING. (TR AT 4-5).
 VI. THE TRIAL COURT ERRED IN CLASSIFYING APPELLANT AS A PREDATOR WITHOUT A RECORD OF CLEAR AND CONVINCING EVIDENCE TO SUPPORT THE FINDING. (APPENDIX AT A-2, TR AT 5-11).
Any other facts relevant to our discussion of appellant's assignments of error shall be contained therein.
 I, II, III, IV V
Appellant's first, second, third, fourth, and fifth assignments of error are overruled on the authority of State v. Nosic (Feb. 1, 1999), Stark App. No. 1997CA00248, unreported; State v. Bair (Feb. 1, 1999), Stark App. No. 1997CA00232, unreported; and State v. McIntyre (Feb. 1, 1999), Stark App. No. 1997CA00366, unreported.
 VI
In his sixth assignment of error, appellant maintains the trial court's adjudicating him a sexual predator was not supported by clear and convincing evidence. Specifically, appellant contends the State only proved he was a sexual offender, but did not present any evidence to support a finding of a likelihood to re-offend. We are not fact finders; we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Constr. (1978), 54 Ohio St.2d 279. At the hearing, the State presented its responses to discovery and appellant's pro se Motion for New Trial. The undisputed facts gleaned from these exhibits, as well as the entire record in the case, establish appellant, who was in his mid-forties, engaged in sexual intercourse with his pre-teen stepdaughter. The girl became pregnant and gave birth to a baby boy. DNA testing done shortly after the baby's birth revealed a 99.99% probability of appellant's paternity. The record further establishes, although appellant withdrew his original not guilty plea and entered a plea of guilty, he has failed to take any responsibility for or acknowledge his involvement in the offense. Appellant has an extensive criminal record, albeit with no previous sex offenses. The trail court noted appellant's age at the time of the offense compared to the victim's age, appellant's relationship to his victim, the resulting pregnancy of the victim, and appellant's general disregard for the law as the factors weighing in favor of the classification. Based upon our review of the evidence contained in the record, we cannot find the trial court clearly lost its way in determining appellant should be classified as a sexual predator. The trial court's conclusion is supported by clear and convincing evidence; therefore, is not against the manifest weight of the evidence. Appellant's sixth assignment of error is overruled.
The judgment of the Stark County Court of Common Pleas is affirmed.
Hoffman, J. Wise, P.J. and Farmer, J. concurs.